

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00379-CV

_____

MADHU LODGING PARTNERS, LP, Appellant

V.

AMGUARD INSURANCE COMPANY, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV19-1436

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

A pipe froze, burst, and caused water damage to a hotel owned by Appellant Madhu Lodging Partners, LP. After the property's insurer—Appellee AmGuard Insurance Company—denied Madhu's insurance claim, Madhu sued for breach of contract (among other things). The trial court granted AmGuard summary judgment on Madhu's contract claim, and Madhu now appeals, arguing that the trial court adopted AmGuard's allegedly flawed interpretation of the insurance policy's conditions and that, even under that interpretation, Madhu created a fact issue. But AmGuard advanced other grounds for summary judgment on Madhu's contract claim as well, and Madhu has not challenged all of those grounds on appeal. Because we must affirm a summary judgment if there is any unchallenged ground on which the trial court could have relied, that is what we will do.

## I. Background

After AmGuard investigated Madhu's insurance claim, it concluded that Madhu's water damage was attributable to a sprinkler-system pipe that—after having been filled with water due to an alleged defect—had frozen and burst. Based on this conclusion, AmGuard denied Madhu's claim, pointing to the "Protective Safeguards Endorsement" in the insurance policy. That endorsement provided that, "[a]s a condition of th[e] insurance, [Madhu was] required to maintain [certain] protective devices or services,"

2

including an "[a]utomatic sprinkler system . . . [and] related supervisory services."[1] According to AmGuard, the endorsement made maintaining the sprinkler system a condition of insurance, and Madhu's failure to maintain the system had caused the water damage. Madhu disagreed; it contended that the endorsement was inapplicable, that it had maintained the sprinkler system, and that it was not clear whether any alleged defect in the sprinkler pipe had caused the pipe to burst.

So after AmGuard's denial of its insurance claim, Madhu sued for breach of contract, breach of the duty of good faith and fair dealing, and various statutory claims. AmGuard challenged these claims with several motions for traditional and no-evidence summary judgment, only two of which are relevant here.[2] Those two motions

---

[1]Another portion of the endorsement provided that AmGuard "w[ould] not pay for loss or damages caused by or resulting from fire if, prior to the fire, [Madhu] . . . [f]ailed to maintain any [required] protective safeguard . . . in complete working order."

[2]Taken together, AmGuard's three summary judgment motions sought (1) traditional summary judgment on Madhu's contract claim because Madhu's maintenance of the sprinkler system was an unsatisfied condition precedent to the insurance contract; (2) traditional summary judgment on Madhu's contract claim because the policy did not cover damages caused by a failure to maintain the sprinkler system; (3) no-evidence summary judgment on Madhu's contract claim due to a lack of evidence of breach, causation, or damages; (4) no-evidence summary judgment on Madhu's claim for breach of the duty of good faith and fair dealing due to a lack of evidence of AmGuard's breach; (5) no-evidence summary judgment on Madhu's statutory claims due to a lack of evidence that AmGuard violated the relevant statutes and a lack of evidence of damages; and (6) no-evidence summary judgment on Madhu's request for exemplary damages due to a lack of evidence of malice or gross negligence. Madhu's appeal challenges the disposition of its breach of contract claim but does not challenge the disposition of its other claims.

challenged Madhu's contract claim—the only claim at issue on appeal—by arguing that (1) Madhu's "maint[enance]" of the sprinkler system was an unsatisfied condition precedent to coverage under the policy; (2) the policy did not cover damages caused by a failure to maintain the sprinkler system; and (3) Madhu had no evidence of breach, causation, or damages.[3] The trial court granted AmGuard's motions without specifying a basis for its judgment.[4]

## II. Discussion

Madhu raises three appellate issues, all of which relate to its contract claim and, more specifically, to the endorsement's applicability and satisfaction. Madhu argues that (1) the endorsement applies only to fire damage—not to water damage; (2) even if it applies to water damage, the word "maintain" in the endorsement is ambiguous; and (3) either way, AmGuard failed to conclusively disprove Madhu's maintenance of the sprinkler system and Madhu raised a genuine fact question on the issue.

But none of these arguments address AmGuard's no-evidence grounds for summary judgment based on Madhu's alleged lack of evidence as to causation or damages. In fact, Madhu completely overlooks those two no-evidence grounds, going so far as to assert that "Am[G]uard['s] false[] conten[tion] . . . that Madhu failed to

---

[3]Of AmGuard's two relevant summary judgment motions, the second largely repeated and expanded upon the grounds raised in the first.

[4]Madhu had previously moved for summary judgment on its contract claim as well, but the trial court denied the motion.

maintain its fire prevention system 'in working order' . . . [wa]s the *sole* basis for AmGuard's summary judgment."[5] [Emphasis added.] This assertion is simply incorrect.

AmGuard's motions sought no-evidence summary judgment on Madhu's breach of contract claim by asserting that, among other things, "Plaintiff [i.e., Madhu] ha[d] no evidence of causation or damages as a result of an alleged material breach." Because the trial court did not specify a basis for its summary judgment, it could have relied upon either or both of these two no-evidence grounds in granting summary judgment. And we must affirm a summary judgment if any ground on which the judgment could have been based stands unchallenged—"regardless of the merits of the unchallenged ground[s]." *McCurley v. Tex. Motor Speedway, Inc.*, No. 02-19-00108-CV, 2019 WL 6606103, at *1 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (mem. op.); *see Rosetta*

---

[5]Madhu touches on causation in its reply brief. It asserts that "[c]ausation is [u]ndisputed" by pointing to evidence that AmGuard had recognized "that Madhu suffered a 'direct physical loss' during the freeze." But even assuming Madhu's one-paragraph argument constituted sufficient briefing to raise the issue of causation, *cf.* Tex. R. App. P. 38.1(i), an appellant may not raise new issues in its reply brief. *See* Tex. R. App. P. 38.3; *Mann v. Denton Cnty.*, No. 02-16-00030-CV, 2017 WL 526309, at *6 (Tex. App.—Fort Worth Feb. 9, 2017, pet. denied) (mem. op.). Plus, even if Madhu's causation evidence included AmGuard's own statements or reports, causation was nonetheless a potential basis for the trial court's summary judgment, so Madhu was required to address and negate that basis on appeal. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022) ("When a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appealing party must negate each ground upon which the judgment could have been based."). And regardless, there remains another unchallenged no-evidence ground: damages.

*Res. Operating*, 645 S.W.3d at 226–28 (holding that because the appellants failed to challenge each ground on which the summary judgment could have been based, the appellate court erred by reversing).

Madhu's appellate issues are, therefore, rendered moot by the unchallenged no-evidence grounds supporting the trial court's summary judgment, and we overrule them.

### III.  Conclusion

Because the trial court could have granted summary judgment on Madhu's contract claim by relying on one or both of AmGuard's two unchallenged no-evidence grounds—causation and damages—"we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground[s]." *McCurley*, 2019 WL 6606103, at *1.  Accordingly, we affirm the summary judgment.  Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 30, 2024